295 So.2d 651 (1974)
Rickey BUTLER et al., Appellants,
v.
GATEWAY INSURANCE COMPANY, Appellee.
Nos. 74-203, 74-359.
District Court of Appeal of Florida, Third District.
June 4, 1974.
Michael M. Tobin, Coral Gables, and Stephen K. Katz, South Miami, for appellants.
Preddy, Haddad, Kutner & Hardy and Stephen T. Brown, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellants take this interlocutory appeal to review the trial court's order granting plaintiff-appellee's motion to withdraw from the depository of the clerk of the circuit court the sum of $5,000 previously placed therein in this interpleader action.
Andres Machado, the insured of the plaintiff, Gateway Insurance Company, was involved in an automobile accident wherein the car he was operating crossed *652 the center line of the roadway and collided head-on with a panel truck which had ten occupants. Subsequent thereto, several of the injured occupants instituted legal action against Machado. Thereupon, plaintiff-insurer filed the instant complaint in interpleader wherein it admitted liability for itself and paid into the registry of the court the proceeds of its policy covering Machado, to wit: $25,000, which constituted $20,000 for bodily injury liability and $5,000 for property damage liability. Defendant-appellants agreed to the interpleader action and reserved their rights against Machado for damages in excess of the policy limits. Thereafter, plaintiff insurance company made an ore tenus motion for an order to withdraw from the registry the $5,000 for property damage liability. The trial court entered its order finding that the defendants' loss of wages did not constitute damage to property and thereupon granted the motion. Defendant-appellants appeal therefrom.
Appellants argue that the trial court erred in holding that loss of wages does not constitute damage to property under the provisions of the policy of insurance issued by the plaintiff to Andres Machado. We cannot agree.
It is well established that a person who has received physical injuries by reason of the wrongful act of another may recover any loss of time and consequent loss of earnings sustained as a result of his temporary incapacity to continue his occupation. 9A Fla.Jur. Damages § 53 (1972) and cases cited therein. In light of this principle, it is apparent that loss of wages is an element of damages which properly is covered under the bodily injury liability coverage of an automobile liability insurance policy. Thus, we hold the trial judge was correct in finding that loss of wages does not constitute damage to property under the circumstances in the case sub judice. Accordingly, the order herein appealed is affirmed.
Affirmed.